EL MORA DEVELOPMENT CORPORATION, complainant-respondent,

*v.*

MORRIS HORWITZ et ux., defendants-appellants.

[Argued March 24th, 1925. Decided October 19th, 1925.]

On appeal from a decree advised by Vice-Chancellor Buchanan, whose conclusions are reported in *97 N. J. Eq. 126.*

*Mr. Herbert J. Hannoch,* for the appellants.

*Mr. Charles Jones,* for the respondent.

PER CURIAM.

We find nothing in the grounds urged at the argument and in appellants' brief to call for a reversal of the decree brought up on this appeal.

The first ground is that the contract on which this suit for specific performance is based is harsh and oppressive. The reasoning of the vice-chancellor in the court below disposes of this point in a manner satisfactory to us.

The second and third grounds are that courts of equity will not direct specific performance of contracts to build, and that the provisions for building in the contract in suit are not severable from the rest of the contract.

We agree that the requirements to build should not be specifically enforced. But, as in *Orange Society* v. *Konski, 95 N. J. Eq. 254,* so, in the present case, the court has not undertaken to enforce them. It is claimed that the elimination of this feature should carry the whole contract with it, but to this we cannot agree. The complainant has waived the building scheme and the mortgage attached thereto. We see no reason why the requirements to give and accept the exchange deeds should not stand.

Fourth, that the contract is uncertain and vague, in that the requirements for erection of houses are not specific. We think they are reasonably definite, but as they are out of the case it seems to be immaterial whether they are sufficiently in detail.

Finally, that the court, in its discretion, should have refused specific performance. There are cases in which the exercise of the equitable discretion in this class of cases has been reversed on appeal, as in *Worth* v. *Watts, 76 N. J. Eq. 299,* but the present case, in our estimation, is not one of them.

These are all the reasons urged for a reversal, and as we conclude there is not substantial merit in any of them, the decree under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, JJ. 13.

*For reversal*—None.